```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**BRADLEY OLEY LESTER,**

    **Petitioner,**

v.                                   Case No. 2:10-cv-00819

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On June 14, 2010, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 2), filed by Bradley Oley Lester (hereinafter "Petitioner"). Also pending before the court is Petitioner's Motion for Stay and Abeyance (# 5). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

Petitioner was originally convicted, following a jury trial in the Circuit Court of Mingo County, West Virginia, on one count of Murder in the First Degree. (State v. Lester, Case No. 04-F-61). On March 14, 2005, Petitioner was sentenced to life without the possibility of parole. (# 2 at 1).

According to the petition, Petitioner filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"), in which he raised four grounds for relief:

1. The trial court erred in failing to require that the state clearly identify the issue or issues to which the 404(b) evidence was relevant, and plausibly articulate how that evidence was relevant.

2. The state's rationale for admission of the 404(b) evidence was vague, conclusory, and unpersuasive, and should have been rejected by the trial court.

3. The testimony of Earl Stewart was an insufficient basis for admission of the 404(b) testimony.

4. The trial court's limiting instructions were insufficient to cure the unfair prejudice created by the use of the 404(b) evidence.

(Id. at 3). The SCAWV refused the Petition for Appeal on January 26, 2006. (Id.)

According to Petitioner's Motion for Stay and Abeyance, on June 16, 2006, the SCAWV issued its opinion in In re: Renewed Investigation of the State Police Crime Laboratory, Serology Division, 633 S.E.2d 762 (W. Va. 2006) (hereinafter "Zain III"). In that decision, the Court addressed, for the second time, whether serologists in the State Police Crime Lab, other than Fred Zain, falsified evidence in criminal prosecutions. The SCAWV set up a special habeas corpus procedure to be utilized by those prisoners against whom serologists, other than Zain, had offered evidence.

Accordingly, in habeas corpus cases involving serologists other than Zain, "a prisoner who challenges his or her conviction

must prove that the serologist offered false evidence in his or her prosecution." Also the prisoner must satisfy the following standards indicating that a new trial is warranted: (1) The evidence must appear to have been discovered since trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained; (2) It must appear from facts stated in his affidavit that the defendant was diligent in discovering the new evidence, and that it could not have been discovered with due diligence before the trial; (3) Such evidence must be new and material, and not merely cumulative; (4) The evidence must be such that it ought to produce an opposite result at a new trial on the merits; and (5) A new trial will generally be refused if the sole object of the new evidence is to discredit or impeach an opposing witness. Id. at 769 (citing State v. Frazier, 253 S.E.2d 534 (W. Va. 1979)).

Concerning the special procedures, the SCAWV further held that a prisoner against whom a serologist other than Zain offered evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence, with counsel appointed to represent him or her. The Court further held that the Circuit Courts must review the serology evidence "with searching and painstaking scrutiny" and must draft "a comprehensive order" which includes "detailed findings as to the truth or falsity of the serology evidence." If the Circuit Court finds that the evidence was false, then the

Circuit Court must determine whether the prisoner has shown the necessity of a new trial based on the five Frazier factors. Id. Finally, the SCAWV held that such proceedings must be conducted in as reasonably timely manner as possible, and that such proceedings are not subject to the res judicata limitations normally applied to state habeas corpus proceedings. Id.

The SCAWV further specifically held:

> In order to guarantee that the serology evidence offered in each prisoner's prosecution will be subject to searching and painstaking scrutiny, this Court now holds that a prisoner who was convicted between 1979 and 1999 [footnote omitted] and against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence may bring a petition for a writ of habeas corpus based on the serology evidence despite the fact that the prisoner brought a prior habeas corpus challenge to the same serology evidence and the challenge was finally adjudicated.

Id. at 770.

Petitioner's Motion for Stay and Abeyance further states that "[t]his opinion directly affected the Petitioner's case based upon the fact West Virginia State Police chemists and scientists not named Fred Zain handled and tested evidence, filed reports and testified about blood evidence in this case in pretrial and trial proceedings." (# 5 at 2).

On June 22, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Mingo County (Case No. 06-C-199). (Id. at 4). According to Petitioner's section 2254 petition, the Circuit Court habeas corpus petition raised the

following grounds for relief:

1. The Petitioner was denied effective assistance of counsel at trial.

2. The failure of the State to preserve the DNA material taken from the Petitioner's pants constitutes a denial of his right to a fair jury trial.

3. The State failed to disclose exculpatory evidence in violation of the Petitioner's State and Federal Due Process Rights.

4. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court allowed the State to present the jury with gruesome photographs of the victim.

5. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court failed to grant a change of venue due to excessive prejudicial pre-trial publicity.

6. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court erred in failing to require that the State identify the issue(s) to which the 404(b) evidence was relevant and plausibly articulate how that evidence was relevant.

7. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court permitted the State's rationale for admission of 404(b) evidence that is vague, conclusory and unpersuasive.

8. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court admitted the insufficient testimony of Earl Stewart and used it as a basis for admission of the 404(b) evidence.

9. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court's limiting instructions were insufficient to cure the unfair prejudice created by the use of the 404(b) evidence.

> 10. The Petitioner argues that the trial court violated his Federal and State Constitutional right to [be] free of unreasonable searches and seizures by denying his motion to suppress DNA evidence.
>
> 11. The Petitioner contends his due process rights to a fair trial were violated because of the cumulative effect of numerous reversible trial errors.

(Id. at 4-5).

Based upon the claims listed in the section 2254 petition, it does not appear that Petitioner's Circuit Court habeas petition specifically raised the Zain III issue(s). However, Petitioner's Motion for Stay and Abeyance further states:

> In sum, the Petitioner asserts that counsel filed a[n] amended state petition for a writ of habeas corpus, a motion for production of photographs of the forensic evidence used at trial and for the evidence to be procured by the state's prosecuting attorney for evaluation pursuant to the Zain III ground raised in the Petitioner's pro se habeas petition. Several status conference[s], motion[s], and evidentiary hearings regarding this matter were held in the circuit court but the court failed to allow the serology evidence to be re-tested utilizing new STR DNA testing procedures.
>
> on February 9, 2010, the Honorable Michael Thornsbury, Chief Judge, entered a final order of findings of fact and conclusions of law denying to grant a writ of habeas corpus to reverse the Petitioner's first degree murder conviction. As a result of this order the Petitioner by counsel has four (4) months to appeal the final order to the [SCAWV] . . . . An appeal may not be filed in time to preserve the Petitioner's rights to timely file a 28 U.S.C. § 2254 petition in this court.
>
> Also the Petitioner[] claims that his counsel has until June 9, 2010, to file a final petition for appeal to the [SCAWV] challenging the aforementioned order unless counsel files a motion for extension of the appeal period in the very near future. Besides this the circuit court reporter has not procured the habeas corpus hearing transcripts needed to assist counsel in the preparation

>   of the final state court appeal. Thus, the Petitioner opines the grounds raised in the § 2254 are exhausted because of being presented in his direct petition for appeal, and refused review by the [SCAWV] on January 26, 2006. Besides this these grounds may be deemed untimely and outside the limitation prescribed by the AEDPA, and probably could be barred under the one (1) year statute of limitation pursuant to the AEDPA according to the Respondent's counsel or this Court pursuant to 28 U.S.C. § 2244(d)(1) unless this Court grant abeyance as requested herein.
>
>   Additionally, the Petitioner decided to file a 28 U.S.C. § 2254 federal petition and this motion in an effort to not only protect the exhausted claims raised in the § 2254 that are presumed timely, and/or ripe for adjudication in this Court, but to at least obtain abeyance of the grounds until the final appeal to the [SCAWV] is filed by experienced appellate counsel, and ruled on challenging the aforementioned circuit court's final order in the [SCAWV].
>
>   * * *
>
>   Therefore, the Petitioner prays this Court will grant him a stay and abeyance without filing recommendations of findings of fact and conclusions of law on the merits of the grounds raised in the § 2254 petition in order to permit the Petitioner's appellate counsel of record in state court to file the final appeal in the [SCAWV] challenging the circuit court's final order denying a writ of habeas corpus in the state court post-conviction proceedings. Wherein, permitting the grounds raised in the § 2254 to be held at least in abeyance as timely under the AEDPA until the Petitioner may have to amend the § 2254 at a later date pending the final outcome of his petition for appeal by adding additional viable grounds if the final appeal is refused review on the merits and if the circuit court's final order is affirmed by the [SCAWV].

(# 5 at 2-5).

Petitioner filed the instant section 2254 petition on June 14, 2010. The section 2254 petition presently raises the following grounds for relief:

7

>**GROUND ONE:** The Petitioner contends that his due process rights to a fair and impartial jury trial were violated when the trial court erred in failing to require that the state identify the issues to which the 404(b) evidence was relevant and, plausibly articulate how that evidence was relevant.
>
>**GROUND TWO:** The Petitioner contends that his due process rights to a fair and impartial jury trial were violated when the trial court permitted the state's rational[e] for admission of 404(b) evidence that is vague[,] conclusory and unpersuasive.
>
>**GROUND THREE:** The Petitioner contends that his due process rights to a fair and impartial jury trial were also violated when the trial court admitted the insufficient testimony of Earl Stewart and used it as a basis for admission of the 404(b) testimony evidence.
>
>**GROUND FOUR:** The Petitioner contends that his due process rights to a fair and impartial jury trial were violated because the trial court's limiting jury instructions were insufficient to cure the unfair prejudice created by the use of the 404(b) evidence.

(# 2).

## **APPLICABLE STATUTES AND CASE LAW**

Section 2254 of Title 28 provides, in pertinent part:

>(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>>(A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriguez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

## **ANALYSIS**

As noted above, exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in either his direct appeal, or in a habeas corpus petition filed in a circuit court, followed by an appeal of the exact same issues to the SCAWV, even where the appeal is summarily refused. The issues may also be exhausted if raised in a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV, but only where the claims therein are actually adjudicated on the merits. A summary refusal of such a petition will not exhaust those claims.

Petitioner has raised four grounds for relief in his section 2254 petition, all of which concern the admission of evidence under Rule 404(b) of the West Virginia Rules of Evidence. Although Petitioner raised claims concerning the admission of the Rule 404(b) evidence in his direct appeal, without being able to review the actual Petition for Appeal at this time, it appears to the undersigned that Petitioner did not raise the claims in his direct appeal in the context of a denial of due process or a fair trial, so as to state a federal constitutional claim. Rather, Petitioner raised the claims as trial court error in his direct appeal.[1] Thus, the undersigned proposes that the presiding District Judge

---

[1] The undersigned has not had the opportunity to review Petitioner's Petition for Appeal (his direct appeal). Rather, this finding relies solely on the grounds listed by Petitioner in his section 2254 petition form as having been raised in his direct appeal. (# 2 at 3).

**FIND** that those claims do not appear to have been exhausted through Petitioner's direct appeal to the SCAWV.

In order to exhaust any claims he may wish to raise in a section 2254 petition, Petitioner must first receive a ruling on those claims from the SCAWV. As of this date, no final ruling has been made in Petitioner's state habeas appeal. According to the Clerk's Office for the SCAWV, Petitioner has been granted an extension of time to file his habeas appeal. The Petition for Appeal is due 30 days after receipt of the final transcript from Petitioner's Circuit Court habeas proceeding, which, as of the time the undersigned's staff spoke with the Clerk's Office, had not yet been filed.

Because Petitioner's state habeas proceedings are on-going, he has not properly exhausted his state court remedies, the claims contained in his section 2254 petition are unexhausted, and his section 2254 petition is premature. Accordingly, it must be dismissed without prejudice. For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his state court remedies prior to filing the instant section 2254 petition.

Petitioner's direct appeal was refused on April 26, 2006. Petitioner then had 90 days in which to file a Petition for a Writ of Certiorari in the Supreme Court. According to his section 2254 petition, Petitioner did not file a Petition for a Writ of

Certiorari. Accordingly, Petitioner's judgment became final on or about July 25, 2006, and the statute of limitations would have begun to run on July 26, 2006. However, by that date, Petitioner had already filed his Circuit Court habeas corpus petition, which tolled the statute of limitations. Accordingly, based upon the undersigned's calculation, the statute of limitations will not begin to run until the day after the SCAWV renders a decision on Petitioner's habeas corpus appeal. Petitioner is advised that, if he files a new section 2254 petition, he must raise any and all exhausted federal constitutional claims he may wish to pursue in that petition.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition (# 2) and this civil action, without prejudice, pending the proper exhaustion of his state court remedies. The undersigned further proposes that the presiding District Judge **DENY** Petitioner's Motion for Stay and Abeyance (# 5).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of

objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

    September 15, 2010  
          Date

*Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge