IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRADLEY OLEY LESTER,

           Petitioner,

v.                                              CIVIL ACTION NO. 2:10-cv-00819

DAVID BALLARD,

           Respondent.

**MEMORANDUM OPINION & ORDER**

      This petition for habeas corpus relief under 28 U.S.C. § 2254 was filed on June 14, 2010. The petition was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that the court deny the habeas petition and dismiss this action, without prejudice, pending the proper exhaustion of the petitioner's state court remedies. (Proposed Findings and Recommendation [Docket 10].)

      After requesting and receiving an extension of time to do so, the petitioner filed timely Objections and Exceptions to the Proposed Findings and Recommendation. [Docket 14] The court has reviewed *de novo* those portions of the Proposed Findings and Recommendation to which the petitioner has filed specific objections. For the reasons set forth below, the court **FINDS** that the petitioner's objections lack merit and has satisfied itself that there is no other clear error on the face of the record. Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's

Proposed Findings and Recommendation and **ORDERS** that the petition for writ of habeas corpus be **DISMISSED without prejudice** and stricken from the docket of this court.

## II. Background

The procedural history of petitioner's case was adequately set forth in the PF&R. For the sake of context, the court will incorporate pages 1 through 8 of the PF&R:

> Petitioner was originally convicted, following a jury trial in the Circuit Court of Mingo County, West Virginia, on one count of Murder in the First Degree. (State v. Lester, Case No. 04-F-61). On March 14, 2005, Petitioner was sentenced to life without the possibility of parole. (# 2 at 1).
>
> According to the petition, Petitioner filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"), in which he raised four grounds for relief:
>
>> 1. The trial court erred in failing to require that the state clearly identify the issue or issues to which the 404(b) evidence was relevant, and plausibly articulate how that evidence was relevant.
>>
>> 2. The state's rationale for admission of the 404(b) evidence was vague, conclusory, and unpersuasive, and should have been rejected by the trial court.
>>
>> 3. The testimony of Earl Stewart was an insufficient basis for admission of the 404(b) testimony.
>>
>> 4. The trial court's limiting instructions were insufficient to cure the unfair prejudice created by the use of the 404(b) evidence.
>
> (Id. at 3). The SCAWV refused the Petition for Appeal on January 26, 2006. (Id.)
>
> According to Petitioner's Motion for Stay and Abeyance, on June 16, 2006, the SCAWV issued its opinion in In re: Renewed Investigation of the State Police Crime Laboratory, Serology Division, 633 S.E.2d 762 (W. Va. 2006) (hereinafter "Zain III"). In that decision, the Court addressed, for the second time, whether serologists in the State Police Crime Lab, other than Fred Zain, falsified evidence in criminal prosecutions. The SCAWV set up a special habeas corpus procedure to be utilized by those prisoners against whom serologists, other than Zain, had offered evidence.

Accordingly, in habeas corpus cases involving serologists other than Zain, "a prisoner who challenges his or her conviction must prove that the serologist offered false evidence in his or her prosecution." Also the prisoner must satisfy the following standards indicating that a new trial is warranted: (1) The evidence must appear to have been discovered since trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained; (2) It must appear from facts stated in his affidavit that the defendant was diligent in discovering the new evidence, and that it could not have been discovered with due diligence before the trial; (3) Such evidence must be new and material, and not merely cumulative; (4) The evidence must be such that it ought to produce an opposite result at a new trial on the merits; and (5) A new trial will generally be refused if the sole object of the new evidence is to discredit or impeach an opposing witness. Id. at 769 (citing State v. Frazier, 253 S.E.2d 534 (W. Va. 1979)).

Concerning the special procedures, the SCAWV further held that a prisoner against whom a serologist other than Zain offered evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence, with counsel appointed to represent him or her. The Court further held that the Circuit Courts must review the serology evidence "with searching and painstaking scrutiny" and must draft "a comprehensive order" which includes "detailed findings as to the truth or falsity of the serology evidence." If the Circuit Court finds that the evidence was false, then the Circuit Court must determine whether the prisoner has shown the necessity of a new trial based on the five Frazier factors. Id. Finally, the SCAWV held that such proceedings must be conducted in as reasonably timely manner as possible, and that such proceedings are not subject to the res judicata limitations normally applied to state habeas corpus proceedings. Id.

> The SCAWV further specifically held:
> In order to guarantee that the serology evidence offered in each prisoner's prosecution will be subject to searching and painstaking scrutiny, this Court now holds that a prisoner who was convicted between 1979 and 1999 [footnote omitted] and against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence may bring a petition for a writ of habeas corpus based on the serology evidence despite the fact that the prisoner brought a prior habeas corpus challenge to the same serology evidence and the challenge was finally adjudicated.

Id. at 770.

Petitioner's Motion for Stay and Abeyance further states that "[t]his opinion directly affected the Petitioner's case based upon the fact West Virginia State Police chemists and scientists not named Fred Zain handled and tested evidence, filed

-3-

reports and testified about blood evidence in this case in pretrial and trial proceedings." (# 5 at 2).

On June 22, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Mingo County (Case No. 06-C-199). (Id. at 4). According to Petitioner's section 2254 petition, the Circuit Court habeas corpus petition raised the following grounds for relief:

1. The Petitioner was denied effective assistance of counsel at trial.

2. The failure of the State to preserve the DNA material taken from the Petitioner's pants constitutes a denial of his right to a fair jury trial.

3. The State failed to disclose exculpatory evidence in violation of the Petitioner's State and Federal Due Process Rights.

4. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court allowed the State to present the jury with gruesome photographs of the victim.

5. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court failed to grant a change of venue due to excessive prejudicial pre-trial publicity.

6. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court erred in failing to require that the State identify the issue(s) to which the 404(b) evidence was relevant and plausibly articulate how that evidence was relevant.

7. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court permitted the State's rationale for admission of 404(b) evidence that is vague, conclusory and unpersuasive.

8. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court admitted the insufficient testimony of Earl Stewart and used it as a basis for admission of the 404(b) evidence.

> 9. The Petitioner contends his due process rights to a fair and impartial jury trial were violated when the trial court's limiting instructions were insufficient to cure the unfair prejudice created by the use of the 404(b) evidence.
>
> 10. The Petitioner argues that the trial court violated his Federal and State Constitutional right to [be] free of unreasonable searches and seizures by denying his motion to suppress DNA evidence.
>
> 11. The Petitioner contends his due process rights to a fair trial were violated because of the cumulative effect of numerous reversible trial errors.

(Id. at 4-5).

Based upon the claims listed in the section 2254 petition, it does not appear that Petitioner's Circuit Court habeas petition specifically raised the Zain III issue(s). However, Petitioner's Motion for Stay and Abeyance further states:

> In sum, the Petitioner asserts that counsel filed a[n] amended state petition for a writ of habeas corpus, a motion for production of photographs of the forensic evidence used at trial and for the evidence to be procured by the state's prosecuting attorney for evaluation pursuant to the Zain III ground raised in the Petitioner's pro se habeas petition. Several status conference[s], motion[s], and evidentiary hearings regarding this matter were held in the circuit court but the court failed to allow the serology evidence to be re-tested utilizing new STR DNA testing procedures.
>
> On February 9, 2010, the Honorable Michael Thornsbury, Chief Judge, entered a final order of findings of fact and conclusions of law denying to grant a writ of habeas corpus to reverse the Petitioner's first degree murder conviction. As a result of this order the Petitioner by counsel has four (4) months to appeal the final order to the [SCAWV] . . . . An appeal may not be filed in time to preserve the Petitioner's rights to timely file a 28 U.S.C. § 2254 petition in this court.
>
> Also the Petitioner[] claims that his counsel has until June 9, 2010, to file a final petition for appeal to the [SCAWV] challenging the aforementioned order unless counsel files a motion for extension of the appeal period in the very near future. Besides this the circuit court reporter has not procured the habeas corpus hearing transcripts

> needed to assist counsel in the preparation of the final state court appeal. Thus, the Petitioner opines the grounds raised in the § 2254 are exhausted because of being presented in his direct petition for appeal, and refused review by the [SCAWV] on January 26, 2006. Besides this these grounds may be deemed untimely and outside the limitation prescribed by the AEDPA, and probably could be barred under the one (1) year statute of limitation pursuant to the AEDPA according to the Respondent's counsel or this Court pursuant to 28 U.S.C. § 2244(d)(1) unless this Court grant abeyance as requested herein.
>
> Additionally, the Petitioner decided to file a 28 U.S.C. § 2254 federal petition and this motion in an effort to not only protect the exhausted claims raised in the § 2254 that are presumed timely, and/or ripe for adjudication in this Court, but to at least obtain abeyance of the grounds until the final appeal to the [SCAWV] is filed by experienced appellate counsel, and ruled on challenging the aforementioned circuit court's final order in the [SCAWV].
>
> * * *
>
> Therefore, the Petitioner prays this Court will grant him a stay and abeyance without filing recommendations of findings of fact and conclusions of law on the merits of the grounds raised in the § 2254 petition in order to permit the Petitioner's appellate counsel of record in state court to file the final appeal in the [SCAWV] challenging the circuit court's final order denying a writ of habeas corpus in the state court post-conviction proceedings. Wherein, permitting the grounds raised in the § 2254 to be held at least in abeyance as timely under the AEDPA until the Petitioner may have to amend the § 2254 at a later date pending the final outcome of his petition for appeal by adding additional viable grounds if the final appeal is refused review on the merits and if the circuit court's final order is affirmed by the [SCAWV].

(# 5 at 2-5).

Petitioner filed the instant section 2254 petition on June 14, 2010. The section 2254 petition presently raises the following grounds for relief:

> **GROUND ONE:** The Petitioner contends that his due process rights to a fair and impartial jury trial were violated when the trial court erred in failing to require that the state identify the issues to which the 404(b) evidence was relevant and, plausibly articulate how that evidence was relevant.

> **GROUND TWO:** The Petitioner contends that his due process rights to a fair and impartial jury trial were violated when the trial court permitted the state's rational[e] for admission of 404(b) evidence that is vague[,] conclusory and unpersuasive.
>
> **GROUND THREE:** The Petitioner contends that his due process rights to a fair and impartial jury trial were also violated when the trial court admitted the insufficient testimony of Earl Stewart and used it as a basis for admission of the 404(b) testimony evidence.
>
> **GROUND FOUR:** The Petitioner contends that his due process rights to a fair and impartial jury trial were violated because the trial court's limiting jury instructions were insufficient to cure the unfair prejudice created by the use of the 404(b) evidence.

(# 2).

## III.  Standard of Review

### A.  *Magistrate Judge's Recommendations*

When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).   When a party files an objection that is too general or conclusory to focus attention on any specific error supposedly committed by the Magistrate Judge, the court need not conduct a *de novo* review.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Moreover, when a party fails to object to a portion of the Magistrate Judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See Diamond*, 416 F.3d at 315.

When a Magistrate Judge hears and rules on a non-dispositive pretrial matter in a case, a party may object to that determination within seventeen days after being served with a copy of the decision.  Fed. R. Civ. P. 72(a).  The district judge in the case must consider timely objections and

"may modify or set aside any portion of a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Berman v. Congressional Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a).

B.  *Federal Habeas*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ( the "AEDPA") governs all federal habeas corpus petitions filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> 
> (A) the applicant has exhausted the remedies available in the courts of the State . . . .
> 
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

As the Magistrate Judge correctly notes, the petitioner bears the burden of proving exhaustion. See *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Further, where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

There are three ways in which prisoners may exhaust their available state court remedies in West Virginia. First, petitions may state cognizable federal constitutional claims in a direct appeal. Second, they may state such claims in a petition for a writ of habeas corpus in a state circuit court

pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the Supreme Court of Appeals of West Virginia ("SCAWV"). *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. Finally, a prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. See *Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; see also, *Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

**IV.    Analysis**

    A.    *Exhaustion*

The Petitioner raised four grounds for relief in his § 2254 petition, relating to the admission of certain evidence under Rule 404(b) of the West Virginia Rules of Evidence. The Magistrate Judge proposed that this court find that although the petitioner did raise claims about the admission of this evidence in his direct appeal, he raised those claims as trial court error, rather than in the context of denial of due process or a fair trial, which would state a constitutional claim that is cognizable in federal habeas. Thus, the Magistrate Judge proposed that this court find those claims did not appear to have been exhausted through the petitioner's direct appeal to the SCAWV.

Further, no final ruling has been made in the petitioner's state habeas appeal. The Magistrate Judge proposed that this court find that because petitioner's state habeas proceedings are ongoing, he has not properly exhausted his state court remedies, and, thus, that the claims contained in his § 2254 petition are premature. Finally, the Magistrate Judge noted that AEDPA's statute of


limitations had been tolled during his direct appeal, but that it will begin to run the day after the SCAWV renders a decision on the petitioner's habeas corpus appeal. Thus, the Magistrate Judge advised the petitioner that if he files a new § 2254 petition, he must raise any and all exhausted federal constitutional claims he may wish to pursue in that petition.

The petitioner objects to the Magistrate Judge's Proposed Findings and Recommendations on several grounds. First, he takes issue with the Magistrate Judge's finding that the claims raised in his direct appeal to the SCAWV did not serve to exhaust the federal constitutional claims raised in the instant § 2254 petition. The petitioner argues that the Magistrate Judge "made findings based upon speculation that unfairly gave the Respondent a favorable edge in the findings, instead of requesting the Direct Appeal (Attached) or presuming that the Petitioner was correct in his allegations in the petition." (Petitioner's Objections and Exceptions to Magistrate's Recommendations of 15 Sept. 2010 ["Objections"], at 4.) The petitioner did not actually attach a copy of his Direct Appeal to his Objections, nor to his § 2254 petition, and it is apparent to this court that the Magistrate Judge carefully and properly reviewed the record available to her before making her proposed findings and recommendations. The petitioner goes on to make substantive objections, arguing that each of the grounds raised in his Direct Appeal in fact raised federal constitutional claims, but he also seems to concede that these claims may not have been raised in the actual appeal: "[i]t is clear that the Direct Appeal counsel failed somewhat to focus on the true issues being raised." (Objections, at 5.) The fact that those violations *could* have been raised in the Direct Appeal does not mean that they were, and, based on the court's *de novo* review of the record, the petitioner does not appear to have raised the claims found in his § 2254 petition in his Direct Appeal. Accordingly,

those objections are overruled, and the court **FINDS** that the petitioner did not exhaust those claims through his Direct Appeal.

The petitioner concedes that his ongoing state habeas appeal to the SCAWV involves at least some of the same grounds as his § 2254 petition, but, because the SCAWV has not resolved the appeal, concedes that they thus "may not be fully exhausted." (Objections, at 9.) He then appears to repeat his objections to the court's Direct Appeal findings, which have been discussed above. Having reviewed *de novo* the record and carefully considered the petitioner's objections, the court **FINDS** that the petitioner has failed to exhaust his state court remedies prior to filing the instant § 2254 petition.

      B.     *Motion for Stay and Abeyance*

The petitioner also filed a Motion for Stay and Abeyance, and repeated his request in his Objections, requesting that instead of dismissal, the court stay this case until the issues could be exhausted. The petitioner is unsure whether AEDPA's statute of limitations will be tolled in this case. As the Magistrate Judge correctly noted, however, the statute of limitations will begin to run the day after the SCAWV renders a decision on the petitioner's habeas corpus appeal. Accordingly, the Motion for Stay and Abeyance is hereby **DENIED**. The court advises the petitioner that if he files a new § 2254 petition, he must raise any and all exhausted federal constitutional claims he may wish to pursue in that petition.

**V.    Conclusion**

After reviewing *de novo* those portions of the Magistrate Judge's Proposed Findings and Recommendation to which the plaintiff objected, the plaintiff's objections are overruled. The court has reviewed the rest of the Proposed Findings and Recommendation, and, finding no clear error,

hereby **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendations. The petitioner's § 2254 petition [Docket 2] is hereby **DISMISSED without prejudice**, pending the proper exhaustion of his state court remedies. The Motion for Stay and Abeyance is hereby **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to mail a copy of same to Petitioner.

ENTER: January 20, 2011

_____
Joseph R. Goodwin, Chief Judge